### Ed GOLDSTEIN v. THE STATE.

*No. 854. Decided June 10th, 1896.*

1. **Dealing in Futures—"Bucket Shop"—Information.**

An information or indictment for "dealing in futures," or carrying on a "bucket shop," brought under Art. 377, Penal Code, which simply alleged that defendant carried on and transacted, "a business commonly known as a dealer in futures, cotton, grain, etc.," is fatally defective in failing to allege that future contracts were bought or sold, or both, as the case may be, with no intention of an actual bona fide delivery of the said articles, and failing also to allege the particular article or thing dealt in, bought or sold.

2. **Same.**

The information must allege that the dealing in futures was carried on, conducted or transacted "in" the particular article bought or sold, etc., as "in cotton," "in grain," "in lard," etc., using the statutory word "in" before said article.

APPEAL from the County Court of Wilson. Tried below before Hon. A. R. STEVENSON, County Judge.

This appeal is from a conviction for dealing in futures, the punishment assessed being a fine of $100 and thirty days' imprisonment in the county jail.

The charging part of the information will be found in the opinion below.

A motion was made to quash the information because: (1) It fails to charge that defendant unlawfully conducted a business of dealing in futures in cotton, grain, etc. (2) It fails to state the meaning of the word "futures." (3) It fails to specify what species of futures defendant, as a dealer, conducted as a business or dealt in. (4) It fails to allege that there was no intention upon the part of defendant, or others therein engaged, of an actual bona fide delivery of the articles or things therein bought or sold. The motion was overruled and a bill of exceptions saved.

No further statement necessary.

*Polley & Mc Cracken, L. A. Lawhon* and *Wm. Aubrey,* for appellant.—1. An information that charges a defendant with conducting,

carrying on and transacting a business commonly known as a dealer in futures, cotton, grain, meats and stocks, does not charge an offense against the law.

The Act of 1885, which seems to have guided the pleader who drew the information, denounces a penalty against the conduct of "any business which is commonly known as a dealer in futures, cotton, grain, any kind of meats, or stocks," whilst the Act of 1887, which repeals the Act of 1885, inhibits the "conduct of any business which is commonly known as dealing in futures in cotton, grain, lard, any kind of meats or agricultural products, or corporation stocks."

The difference between the two statutes is marked; the first denouncing dealing in any kind of futures; the last visiting a penalty only on dealing in futures in cotton, grain, lard, meats, agricultural products and corporation stocks.  Cattle, iron, steel, corporation bonds, dry goods, wines, liquors, cigars, or any of the innumerable articles of trade and manufacture, except those enumerated in the act, may be made the subjects of future contracts without violating the statute, or rendering the dealer liable to fine and imprisonment.  So, of course, one may deal in cotton, etc., without violating the law, provided the dealing is not in futuro in these articles.

It is manifest, therefore: (1)  That all dealing in futures is not a penal offense.  (2)  That only dealings in futures in cotton, etc., is a penal offense.  It follows ex necessitate rei that the information in this case is fatally defective in not charging that the defendant dealt in futures in cotton, grain, etc.

The information is also fatally defective in not charging the offense alleged to have been committed, in the language of the Act of 1887, and adhering to the bad law and worse grammar of the Act of 1885, i. e., the Act of 1885, followed by the pleader, denounces as penal any business which is commonly known as a dealer; that of 1887, any business which is commonly known as dealing.

Can a business be a dealer?  We can imagine that a business can be that of a dealer, and perhaps that is what the legislature intended, but the law is not so written.

The information is further defective in failing to charge in what species of futures defendant dealt.  It charges that he dealt in futures, and also that he dealt in cotton, grain, etc., but in what particular kind of futures defendant dealt, the information fails to disclose.  Upon any other construction the information is duplicitous, since a dealing in grain futures is a separate and distinct offense of itself, as is dealing in cotton futures and the like, but if the contrary construction be given to the act, and there must be a dealing in all the articles enumerated in the statute, the pleader has failed to add to the inhibited list, agricultural products and corporation stocks, both of which are enumerated in the Act of 1887, but are omitted in that of 1885.

2. An information for violation of Chap. 13, Acts of 1887, should charge that no actual delivery of the articles dealt in was intended by

-either of the parties to the transactions constituting the dealing. Code Crim. Proc., Arts. 430, 431 and 432.

The making of executory contracts does not necessarily involve a violation of law. As we have seen, such contracts must concern certain articles. They must also involve an intention on the part of all parties to such transactions, that no actual delivery of the articles bought or sold should be made. It takes two to make a contract, and if one intends an actual delivery, and the other intends no delivery of the articles, the transaction is not a prohibited dealing, since the essential feature of a dealing in futures so-called, is that no actual delivery is intended by the parties, i. e., either of the parties. If this contention required support, we find it sufficiently strong in the remainder of the act under consideration. In the same section of the act under which this information is sought to be sustained, we find that the same punishment is to be visited upon one who transacts "a business commonly known as a produce or stock exchange, or bucket shop, where future contracts are bought or sold with no intention of the actual and bona fide delivery of the articles, or things so bought or sold." In the act the terms "futures" and "future contracts" are treated as synonymous by the law-makers, and to constitute a dealing in each, we must conclude that no actual delivery of the thing bought or sold must have been intended by the parties to the dealing.

If this be true, and if it be further true that before one can be lawfully convicted of a violation of this law the State must prove, not only that the dealing consisted of a business of buying or selling inhibited articles in futuro, but, also, that in such buying or selling, neither party intended an actual bona fide delivery of the things bought or sold, we must conclude that the pleader is bound to allege the latter. He has in this case failed to do so.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for dealing in futures. The charging part of the information alleges that the appellant "did then and there unlawfully conduct, carry on, and transact a business commonly known as a dealer in futures, cotton, grain, meats, and stocks, against the peace and dignity of the State." This prosecution was brought under Art. 377, of the present Rev. Penal Code (1895), which reads as follows: "If any person shall, directly or through an agent or agents, manage or superintend for himself, or shall, as agent or representative of any other person, firm or corporation, conduct, carry on or transact any business which is commonly known as dealing in futures in cotton, grain, lard, any kinds of meat or agricultural products, or corporation stocks, or shall keep any house, or manage, conduct, carry on or transact any business commonly known as a produce or stock exchange, or bucket-shop, where future contracts are bought and sold, with no intention of an actual bona fide delivery of the article or thing so bought or

sold, such person, whether acting for himself 'or for another, as afore-said, shall be deemed guilty of a misdemeanor," etc. Motion to quash the information was urged upon several grounds. We are of opinion that the motion ought to have been sustained. In order to constitute this offense, the party must not only conduct, carry on, or transact the business commonly known as "dealing in futures in cotton, grain, lard," etc., but it must also be alleged that future contracts were bought or sold, or both, as the case may be, with no intention of an actual bona fide de-livery of the article or thing so bought or sold, and the particular article or thing dealt in, bought or sold, should be specified in the information. In other words, the information should specifically state the offense of which the State expects to prove the accused guilty, so that, if a judgment is rendered on the trial, it can be pleaded in bar of a subse-quent prosecution for the same offense. As we understand this statute, the dealing must be in futures in regard to some one or more of the par-ticular articles or things mentioned in the statute, and the contracts must be operative in the future, wherein there is no intention of an actual bona fide delivery of the article or thing so bought or sold. It is not a violation of the law to deal in futures, where the thing or article sold or bought is to be delivered under the terms of the contract. The inform-ation does not meet the requirements of the law. It simply charges that appellant conducted, carried on, and transacted a business commonly known "as a dealer in futures, cotton, grain, meats, and stocks." This he could do legitimately, and against which there is no legal denuncia-tion. The information is also fatally defective in not charging that the dealing in futures was "in cotton, grain, meats, and stocks." The word "in," preceding the article, with reference to which the dealing in futures was carried on, is a necessary word, by the statutory definition of this offense. The statutory dealing in futures must be carried on, conducted, or transacted "in cotton, grain, lard, any kinds of meat or agricultural products, or corporation stocks." It is not an offense to simply deal in futures, or cotton, etc. The dealing must be in futures "in cotton," etc. Rev. Penal Code, 1895, Art. 377. The motion to quash should have been sustained. The judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*